■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HAROLD PAUL LILLER, Appellant.— HERLIHY, J. Appeal by the defendant from judgments of conviction entered in the County Court of Chemung County, after a jury

trial. The defendant argues that the rule of *Miranda* v. *Arizona* (384 U. S. 436) is applicable to this case. In the case of *Johnson* v. *New Jersey* (384 U. S. 719) the Supreme Court held that *Miranda* applied only to cases in which the trial had not been commenced as of the date of that decision which was July 13, 1966. The trial in the instant case commenced in 1965 and was concluded long before July 13, 1966 and in *People* v. *McQueen* (18 N Y 2d 337) the Court of Appeals has held that *Miranda* v. *Arizona* (*supra*) is not applicable to this appeal. The defendant further contends that the trial court committed reversible error in admitting evidence of an assault on a person not involved in this case and committed some two hours before the alleged rape and assault herein. To summarize this testimony, it was to the effect that the defendant assaulted a negro male named Green some two hours prior to the alleged rape of the complainant herein, and as the result of an incident completely unrelated to the alleged rape and assault of the complainant herein. The first indication of such an assault was in the opening statement by counsel for the defendant who stated: "They [Liller and Kessler] had some difficulty with some other people earlier that day" and a further statement that the defendant would testify. When the complainant was on the witness stand she testified, without objection, "And I started fighting and he told me if I didn't stop that he would kill me; that he had killed a Negro earlier that evening and he didn't care whether he killed me or not" and on cross-examination, "He grabbed me by the throat and told me if — that he had killed a Negro that night and that he would kill me too." The defendant's counsel objected to the testimony of the prior assault by the witness Green but the court overruled the objection and allowed the People to show the assault, but no details thereof. When the People rested, there was established a prima facie case of rape in the first degree. The only issue at that point was whether the defendant had been prejudiced because of Green's testimony. Thereafter, the defendant took the stand in his own behalf and his counsel examined him as to the previous altercation involving Green, thus opening the door for the People on cross-examination. In its charge the court stated that this evidence was only for the purpose of corroborating the complainant's testimony that the defendant had said to her that he had killed a Negro before coming to her home. There was no exception or request to charge. While we do not condone the admission of the prior assault in evidence in this case, the deliberate elicitation of testimony relating thereto from the defendant on his direct case precludes any argument at this time as to it having been reversible error on the People's part. (Cf. *People ex rel. Keitt* v. *McMann*, 18 N Y 2d 257.) Under the circumstances of this case, assuming *arguendo* that this testimony was prejudicial, it was waived by the act of the defendant. The defendant next argues that the People failed to prove that the complainant offered her utmost resistance to the defendant's attack. In this regard the court charged "Did the complainant offer as much resistance as she possibly could under the circumstances and the facts which you have heard in this case." The record contains proof upon which the jury could find that the complainant screamed as corroborated by a neighbor; that the buttons were torn from her dressing gown; that she was continuously held down by the defendant as corroborated by dirt on the bed indicating her assailant never removed his shoes; that she had a bruise on her neck which corroborates the use of force; and her testimony of her resistance. The proof of force indicates resistance at all stages and corroborates her testimony of having tried to offer physical resistance which apparently was ineffectual. The defendant cites *People* v. *Dohring* (59 N. Y. 374) as to the requirement that the female offer her utmost resistance. However, in that case it appears that

the complainant offered only oral pleadings and apparently very feeble struggles as her assailant was a "man of years" and she failed to free herself. In the instant case we have a comparatively young male assailant, who stood about five feet seven inches tall and weighed about 200 pounds. It is completely reasonable that the jury could have found her utmost attempts at physical resistance were made, but were ineffectual and would not prevent the consummation of intercourse. The defendant also argues that there was insufficient corroboration of rape, but the evidence recited above is clearly sufficient as to force and he admitted the fact of intercourse. The defendant lastly contends that the loss of a picture exhibit renders the record incomplete and requires a new trial. The exhibit showed the bruise on the neck of the complainant as of the day of the alleged rape. We deem the record sufficient to show the contents of this exhibit and the defendant makes no effort to show what significance this exhibit may have in regard to this case upon this appeal. The record demonstrates the defendant's guilt beyond a reasonable doubt and that he had a fair and impartial trial. (Cf. *People* v. *Boodie,* 16 A D 2d 904, affd. 12 N Y 2d 963.) Judgments of conviction affirmed. Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting; Gibson, P. J. (dissenting). I dissent solely on the ground of legal error in the reception of incompetent and highly prejudicial evidence of defendant's commission of a crime entirely unrelated to that for which he was on trial. The majority memorandum does not, of course, suggest that the evidence was either competent or proper or that it did not create substantial prejudice but seeks to excuse the error on the ground that the reception of the evidence was in some way validated after the event, and that even the minimal references thereto in the later examination of defendant in his own defense served to waive his earlier objctions. Surely, however, it cannot be that defendant had to remain mute after the introduction, over his proper objection, of a mass of damaging and prejudicial evidence as part of the People's case and could not later take the stand and testify concerning it, even to the limited and inconsequential extent to which his testimony touched upon it, without thereby waiving his stated objections. The evidence in question was that some two hours before the alleged act of rape with which defendant was charged, he committed a violent, unprovoked assault, allegedly motivated by racism, upon a man whom he encountered by chance, and smashed the windows of the automobile in which the latter had been a passenger. In the opening to the jury, alluded to in the majority memorandum, defense counsel said merely that defendant and a companion "had some difficulty with some other people earlier that day". The People proved by the complaining witness that when the witness resisted defendant he told her that he had killed a Negro earlier that night and would kill her too. This proof was proper, of course, but the issue was not whether defendant had killed another person, which in fact he had not, or, indeed, whether he had assaulted someone, but whether or not he told the witness that he had done so and thereby engendered "fear of immediate and great bodily harm" (Penal Law, § 2010, subd. 3). The prosecution then called the man whom defendant had attacked and was permitted, over objection, to prove the facts of the assault. Neither in the record nor in any of the highly illusory grounds urged in respondent's brief can any basis for the admission of this testimony be found. The error was compounded by the Trial Judge's instructions to the jury in which he said that evidence of the assault was received to corroborate the complainant's testimony that defendant had stated that he had killed a Negro earlier that evening and did not care whether he killed her or not. It seems clear beyond dispute that the proof itself and the jury charge concerning it were highly prejudicial, and particu-

larly so in the light of defendant's denial of resistance on the part of the complainant or of force on his own part. There seems nothing apposite in the majority's citation of *People ex rel. Keitt* v. *McMann* (18 N Y 2d 257), a habeas corpus proceeding in which relator asserted violations of due process and of his constitutional privilege against self-incrimination upon his trial for a crime of misdemeanor grade which was designated a felony by reason of a prior conviction. The fact of such prior conviction was, of course, an essential element of the felony charged and of the People's case and the statutory procedure governing the proof thereof (Code Crim. Pro., § 275-b) was complied with and the Court of Appeals so held and found no infringement of any constitutional right. That case in no way resembles this. I vote for reversal and a new trial.